codicil. What, then, did the testator intend should be come of it? To uphold the contention of appellee gift must be said that the testator revoked the disposition of his personality and then gave it to no one. This certainly is not the result which he intended to accomplish. The general rule of construction is that a clear gift cannot be cut down by any subsequent words, unless they show an equally clear intention. In re Lewis's Appeal, 108 Pa. 133. We cannot in the present case limit the sense or meaning of the codicil in a way to allow both will and codicil to take effect, and by so doing find and effectuate the declared intention of the testator Marshall, Executor v. Hadley, 50 N. J. Eq. 547, 25 Atl. 325. The decree of the learned chancery court will be reversed and the cause remanded.

*Reversed and remanded.*

TOTH v. MISSISSIPPI FARMS CO.

APPEAL AND ERROR. *Finding of chancellor.* The decision of a chancellor where the evidence is conflicting will not be disturbed on appeal, since he is better able to determine the truth of the matter than the appellate court.

Appeal from the chancery court of George county. HON. WM. M. DENNY, JR., Chancellor.

Suit by Clarke Toth against the Mississippi Farms Company. From a decree for defendant, complainants appeals.

The facts are fully stated in the opinion of the court.

*O. F. Moss*, for appellant.

*White & Ford* and *Parker & Robinson*, for appellee.

Ethridge, J., delivered the opinion of the court.

Charles Toth, appellant, filed a bill in the chancery court of George county against the Mississippi Farms Company, to cancel a trade made for certain lands bought from the Mississippi Farms Company, upon the ground of fraud and misrepresentation, and to recover certain moneys paid on said contract. The allegations charging fraud were denied, and there is a conflict in the testimony between the complainant and defendant.

It appears from the complainant's evidence that he formerly lived in Pittsburg, Pa., and received certain literature from the office of the Mississippi Farms Company in Pittsburg, in which the lands in question were described in glowing terms, and various representations made as to their productivity, healthfulness, and various other advantages, and that, as a result of reading such literature, he went to Wiggins, Miss., and out to the lands in question, and bought twenty acres of the land at twenty-five dollars an acre, to be paid for in terms of one hundred dollars cash, and one hundred dollars each year thereafter for four years, with six per cent. interest, and that he was greatly deceived as to the healthfulness and productivity of said land by the representations made to him. Among the representations relied upon is one that, if the party was dissatisfied within three months after his purchase, the company would refund the money, and if any party made a *bona fide* effort to farm said lands, and should become dissatisfied, the company would repay the money at any time, with six per cent. interest. The complainant and his witnesses picture the transaction and situation in somber terms, painting a picture

of suffering, sickness, and starvation for the colony of which complainant was a member. The defendant not only contradicts the evidence of plaintiff, but proves by its witnesses wonderful results from tilling the soil of the kind sold to the complainant, and by its witnesses shows that the country is healthful, land is productive with proper tilling, and that the complainant refused and neglected to make any reasonable effort to cultivate the land, and only cultivated about one acre for one year, which work was done by his family, and that he himself worked at other work. A number of witnesses testified that the land would produce what it was represented to produce, and sustained the defendant's view of the case. Upon this conflict in the evidence the chancellor is better able to determine the truth, and to judge of the credibility of witnesses, than we are. This seems to be a suit brought to test the legal right to rescind these series of sales, there appearing to have been others, and for this reason we have written this opinion; otherwise, we would have affirmed without an opinion.

*Affirmed.*

---

STATE EX REL. COLLINS, ATTORNEY GENERAL, *v.* WATTS, COUNTY SUPERINTENDENT.

[78 South. 515, Division A.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Session of board. Time.*

There is nothing in the phraseology of section 4512, Code 1906 (Hemingway's Code, section 7332), indicating that the provision thereof, that county superintendents shall convene the school board prior to the first day of August, is intended as a limitation upon their authority to convene it thereafter; but the date to which the board should be convened was fixed as a matter, not of substance, but merely of convenience in order that the boun-